Pro Se 14 (Rev. 09/16) Complaint for Violation of Civil Rights (Prisoner)

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA

FILED
2017 JAN 17 P 2: 36
U.S. DISTRICT COURT
N.D. OF ALABAMA

Aaron Cordero Cole
_____
Plaintiff
(Write your full name. No more than one plaintiff may be named in a complaint.)

-v-

Case No. _____
(to be filled in by the Clerk's Office)

CV-17-K-0091-M

Todd Entrekin, Et AL.
_____
Defendant(s)
(Write the full name of each defendant who is being sued. If the names of all of the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names. Do not include addresses here. Your complaint may be brought in this court only if one or more of the named defendants is located within this district.)

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
(Prisoner Complaint)

---

### NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee of $400.00 or an Application to Proceed *In Forma Pauperis*.

Mail the original complaint and the filing fee of $400.00 or an Application to Proceed *In Forma Pauperis* to the Clerk of the United States District Court for the Northern District of Alabama, Room 140, Hugo L. Black U.S. Courthouse, 1729 5th Avenue North, Birmingham, Alabama 35203-2195.

---

1

I.  **The Parties to this Complaint**

A.  **The Plaintiff**

Provide the information below for the plaintiff named in the complaint.

| | |
|---|---|
| Name | Aaron Cordero Cole |
| All other names by which you have been known: | |
| ID Number | 06001197 |
| Current Institution | Etowah County Detention Center |
| Address | 827 Forrest Avenue |
| | Gadsden, Alabama 35901 |
| | City / State / Zip Code |

B.  **The Defendant(s)**

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. Make sure that the defendant(s) listed below are identical to those contained in the above caption. For an individual defendant, include the person's job or title *(if known)* and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both. Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | Todd Entrekin |
| Job or Title *(if known)* | Sheriff |
| Shield Number | |
| Employer | Etowah County Sheriff Office |
| Address | 827 Forrest Avenue |
| | Gadsden, Alabama 35901 |
| | City / State / Zip Code |

☑ Individual Capacity   ☑ Official Capacity

Defendant No. 2

| | |
|---|---|
| Name | Scott Hassell |
| Job or Title *(if known)* | Chief |
| Shield Number | |
| Employer | Etowah County Sheriff Office |
| Address | 827 Forrest Avenue |
| | Gadsden, Alabama 35901 |
| | City / State / Zip Code |

☑ Individual Capacity   ☑ Official Capacity

2

Defendant No. 3

- Name: Deputy Exford
- Job or Title (if known): Captain
- Shield Number:
- Employer: Etowah County Sheriff Office
- Address: 827 Forrest Avenue
- Gadsden, Alabama 35901
- ☑ Individual Capacity   ☑ Official Capacity

Defendant No. 4

- Name: Deputy Barron
- Job or Title (if known): SOD Team Alpha
- Shield Number:
- Employer: Etowah County Sheriff Office
- Address: 827 Forrest Avenue
- Gadsden, Alabama 35901
- ☑ Individual Capacity   ☑ Official Capacity

## II. Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal law]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), you may sue federal officials for the violation of certain constitutional rights.

A. Are you bringing suit against *(check all that apply)*:

☐ Federal officials (a *Bivens* claim)

☑ State or local officials (a § 1983 claim)

B. Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities, secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

Fifth Amendment, Eight Amendment, Fourteenth Amendment; viz., "jeopardy of life"; "A violation of the cruel and unusual punishment clause"; "deprivation of due process clause".

3

Attach Page 3

B. The Defendant(s)

Defendant No. 5

Name: Cay Johnson
Job or Title: Supervisor of Maintenace Department
Shield Number: _____
Employer: Etowah County Sheriff Office
Address: 827 Forrest Avenue
Gadsden, Alabama 35901
City    State    Zip Code

☒ Individual Capacity   ☒ Official Capacity

Defendant No. 6

Name: Marion Dodd
Job or Title: Maintenance Director
Shield Number: _____
Employer: Etowah County Sheriff Office
Address: 827 Forrest Avenue
Gadsden, Alabama 35901
City    State    Zip Code

☒ Individual Capacity   ☒ Official Capacity

C. Plaintiffs suing under *Bivens* may only recover for violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

_____
_____

D. Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed.

Section 242 of Title 18 makes it a crime for a person acting under color of any law to willfully deprive a person of a right or privilege protected by the Constitution or laws of the United States. (See Attached page)

## III. Prisoner Status

Indicate whether you are a prisoner or other confined person as follows *(check all that apply)*:

- [x] Pretrial Detainee
- [ ] Civilly committed detainee
- [ ] Immigration detainee
- [ ] Convicted and sentenced state prisoner
- [ ] Convicted and sentenced federal prisoner
- [x] Other  Parolee
  *(explain)*

## IV. Statement of Claim

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A. If the events giving rise to your claim arose outside an institution, describe where and when they arose.

_____
_____

B. If the events giving rise to your claim arose in an institution, describe where and when they arose.

On the 23rd day of November, 2016 I was booked in Etowah County Detention Center for parole violation. I was housed in Unit 4, cell 405, with another detainee before Corion LaShon Moore 07004972 came in on the 8th day of Dec. 2016   (See Attached page)

4

Attached page 4

D. Each named defendant herein this complaint are being sued in their individual Capacity and Official Capacity. For acts done under "color of law" by state or local officials within their lawful authority, and also acts done beyond the bounds of that official's lawful authority, the acts were done while the officials was purporting to or pretending to act in the performance of his/her official duties.

Defendant No. 1, Todd Entrekin is the sheriff of Etowah County and employed at the Etowah County Sheriff Office. He is responsible for the administration of this sheriff's department and Constitutionally elected officer having responsibilities of law enforcement of Etowah County. He is in general charge of the Etowah County Detention Center.

Defendant No. 2, Scott Hassell is the principal deputy, viz., Chief of Etowah County Sheriff Office, who is generally charged, subject to the direction of his superior officer, i.e., sheriff Todd Entrekin, with the superintendence of the administration of the Etowah County Sheriff's Office. One appointed to act in the place and stead of the sheriff in the official business of the latter's office.

Defendant No. 3, Deputy Exford is a Captain at Etowah County Sheriff Office. She is commander; commanding deputy of the subordinate deputies at Etowah County Sheriff Office.

Attached page 4 continued

Defendant No. 4, Deputy Barron is apart of Etowah County Sheriff Office SOD Team Alpha, I.E., Special Opt. Department. Also the first responder of Codes called at this Detention Center.

Defendant No. 5, Coy Johnson is the supervisor of the maintance department at Etowah County Sheriff Office. He is responsible for the repairs at Etowah County Detention Center.

Attached page 4, page 5

IV. Statement of Claim

B. On the 28th day of December, 2016, me and two other so-called inmates were being housed at Etowah County Sheriff Office in unit 4 cell 405. I, Aaron Cole, Corion LeShon Moore, and Clifford Mathis were in cell 405. I, Aaron Cole slept on the bottom bunk, Corion LeShon Moore, slept on the top bunk while Clifford Mathis slept on a Stak-A-bunk. At around 8:05 A.M. Deputy Hayden Brock Clements came to cell 405 and ask did we want free time. Me and Clifford Mathis said yes and Deputy Clements proped the door and went to other cells asking the same. As I was preparing to get up, Corion LeShon Moore shifted in his sleep then next thing I know, the top bunk collapsed hitting me in the back of the head. Also Corion was slung to the wall and hit Clifford Mathis in the head while falling hard to the floor. The top bunk collapsed due to the fact that it was not secured properly. The top bunk as well as the bottom bunk are secured with four bolts and nuts each. There was only two bolts and nuts securing the top bunk which is supported by the top rail of the bottom bunk. Only two bolts and nuts was secured at the position where our feet lay, two bolts and nuts were missing at the head of the bed. Me and Clifford Mathis informed Deputy Clements that the bunk collapse, struck me in the head and threw Corion Moore off the top bunk. Deputy Clements ask were me and Clifford Mathis was O.K. and saw that Corion Moore was still on the floor hurting and called a Code Blue. Deputy Barron responded to the Code first.

Attached page 4, page 5

IV. Statement of Claim

B. Deputy Barron came in yelling for me and Clifford Mathis to exist the cell and lock down in cell 415. Deputy Barron threw a Stah A Bunk out of cell 405 and then lifted the bunk back up in attempt to place it back on top of the bottom bunk rail. Deputy Barron and a nurse got Corion off the floor into a wheelchair and a nurse checked his vital signs. I informed a nurse that I was struck on top of my head by the bunk and they brought me out of cell 415 and checked my vital signs also. I told the nurse that my neck and spinal cord was hurting as Corion LeShon Moore was heading to medical in a wheel chair. Me and Clifford Mathis was instructed to move our things as well as Corion's belongings to cell 403 and out of 405. Deputy Barron left and Captain Exford came to Unit 4 in regards of the incident that had occured in cell 405. Captain Exford took pictures of the bunk in cell 405 then instructed Deputy Clements to not allow anyone to enter cell 405 due to safety and security purpose. Approximately 30 minutes later, I was sent to the medical unit for X-Rays. After one doctor X-Rayed me, I was seen by another doctor who informed me that I would be perscribed Motrine. That same day, instead of Motrine, I was given two 200mg Ibprofen and on the 29th of December I was perscribed Methocarbamol and Loratadine for my back pains.

C. What date and approximate time did the events giving rise to your claim(s) occur?

On the 28th day of December, 2016, at approximately 8:05 A.M. at Etowah County Detention Center, Unit 4 cell 405, me and two other inmates were being housed.

D. What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*

I was struck in the head by top bunk and Corion LeShon Moore was thrown off the top bunk into the wall and on top of Clifford Mathis due to bunk not being secured properly. (See Attached page)

## V. Injuries

If you sustained injuries related to the events alleged above, describe your injuries in detail.

I suffered head, neck, back, and spinal cord injury, due to the top bunk collapsing on my head from not being properly secured.

## VI. Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged. Explain the basis for these claims.

Wherefore, the plaintiff, Aaron Cole, respectfully prays that this court enter judgment granting the plaintiff: A declaration that the acts and omissions described herein violated the plaintiff's rights under the Constitution and laws of the United States. A preliminary and permanent injuction ordering the defendant(s) Todd Entrekin, Et Al. to eliminate the deliberate indifference to the conditions at Etowah County Detention Center that exposes a detainee to an unreasonable risk of serious harm or deprives a detainee of a basic human need. Compensatory damages in the amount of $100,000 against each defendant, jointly and severally. Punitive damages in the amount of $100,000 against each defendant. A jury trial on all issues triable on all by jury. Plaintiff's costs in this suit. Any additional relief this court deems just, proper and equitable.

5

**VII.** **Exhaustion of Administrative Remedies Administrative Procedures**

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Administrative remedies are also known as grievance procedures. Your case may be dismissed if you have not exhausted your administrative remedies.

A. Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

☑ Yes

☐ No

If yes, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

_____

B. Does the jail, prison, or other correctional facility where your claim(s) arose have a grievance procedure?

☑ Yes

☐ No

☐ Do not know

C. Does the grievance procedure at the jail, prison, or other correctional facility where your claim(s) arose cover some or all of your claims?

☐ Yes

☐ No

☑ Do not know

If yes, which claim(s)?

_____

_____

6

D. Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose concerning the facts relating to this complaint?

☐ Yes

☒ No

If no, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

☐ Yes

☒ No

E. If you did file a grievance:

1. Where did you file the grievance?

   N/A

2. What did you claim in your grievance?

   N/A

3. What was the result, if any?

   N/A

4. What steps, if any, did you take to appeal that decision? Is the grievance process completed? If not, explain why not. *(Describe all efforts to appeal to the highest level of the grievance process.)*

   N/A

7

F. If you did not file a grievance:

1. If there are any reasons why you did not file a grievance, state them here:

   It was a unexpected accident that occured on the 28th day of December, 2016

2. If you did not file a grievance but you did inform officials of your claim, state who you informed, when and how, and their response, if any:

   Deputy Clements who in turn notified his superiors of the accident in Unit 4 cell 405.

G. Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

   An incident report was logged in by Deputy Hayden Brock Clements in regards to the accident that occured in cell 405, unit 4 on the 28th day of December, 2016

*(Note: You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.)*

## VIII. Previous Lawsuits

The "three strikes rule" bars a prisoner from bringing a civil action or an appeal in federal court without paying the filing fee if that prisoner has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

To the best of your knowledge, have you had any cases dismissed based on grounds that it was frivolous, malicious, or failed to state a claim upon which relief may be granted?

☐ Yes
☒ No

If yes, state which court dismissed your case(s), when this occurred, and attach a copy of the order(s) if possible.

8

A.  Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

  ☐ Yes
  ☒ No

B.  If your answer to A is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

  1. Parties to the previous lawsuit

     Plaintiff(s) _____N/A_____

     Defendant(s) _____N/A_____

  2. Court *(if federal court, name the district; if state court, name the county and State)*

     _____

  3. Docket or index number _____N/A_____

  4. Name of Judge assigned to your case

     _____

  5. Approximate date of filing lawsuit

     _____

  6. Is the case still pending?

     ☐ Yes
     ☐ No

     If no, give the approximate date of disposition.  _____N/A_____

  7. What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?*

     _____

9

IX. **Certification and Closing**

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

**I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.**

Printed Name of Plaintiff    Aaron Cole
Prison Identification #      06006119 7, Etowah County Detention Center
Prison Address               827 Forrest Avenue
                             Gadsden           AL.        35901
                               City            State     Zip Code

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   January 11, 2017
                 (Date)

              Aaron Cole
              Signature of Plaintiff

10